UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 13-55 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| MARCELINO GARCIA, | |
| Defendant. | |

Marcelino Garcia, #16871-041, FCI-Milan, P.O. Box 1000, Milan, MI 48160, *pro se*.

Andrew S. Dunne and Julie E. Allyn, Assistant United States Attorneys,, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis MN 55415.

Marcelino Garcia ("Garcia") pled guilty to a charge of conspiracy to distribute over 500 grams of methamphetamine and is currently serving a sentence of 138 months. Garcia filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255, and also filed a motion to proceed *in forma pauperis* ("IFP"). The Court will deny Garcia's habeas petition because he has not demonstrated that his counsel's performance was objectively unreasonable or that he was materially prejudiced by it. The Court will deny his IFP application as moot. The Court will also deny his motion for the reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), because the United States Sentencing Guidelines do not permit the Court to reduce his sentence in this case.

**BACKGROUND**

On March 20, 2013, Garcia was indicted on one count of conspiracy to distribute over 500 grams of methamphetamine and one count of possession with intent to distribute over 500 grams of methamphetamine. (Indictment at 1-2, Mar. 20, 2013, Docket No. 5.) Each count carried a minimum sentence of ten years imprisonment. 21 U.S.C. § 841(b). Garcia pled guilty to the conspiracy count on June 25, 2013. (Plea Hearing Court Minutes, June 25, 2013, Docket No. 39.) On January 8, 2014, the Court sentenced Garcia to 138 months imprisonment, followed by five years of supervised release. (Sentencing J. at 1-2, Jan. 9, 2014, Docket No. 50.) The sentence was a downward variance from the plea agreement's guideline range of 188 to 235 months. *United States v. Garcia*, 772 F.3d 1124, 1125 (8th Cir. 2014).

Garcia filed a notice of appeal on January 22, 2014, challenging the reasonableness of the sentence and the application of a sentencing enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). (Notice of Appeal, Jan. 22, 2014, Docket No. 53.) On September 29, 2014, while his direct appeal was still pending, Garcia filed a pro se habeas petition pursuant to 28 U.S.C. § 2255. (Pet. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Habeas Pet."), Sept. 29, 2014, Docket No. 61.) In it, he argues that his trial counsel was ineffective due to his failure to retain a mental health professional – during the investigation phase of the case – who could provide a diagnosis and treatment plan for Garcia's gambling addiction. (*Id.* at 4.) He also argues that his counsel was ineffective when he failed to provide evidence at sentencing of his gambling addiction, which he

contends would have led to a departure under U.S.S.G. § 5K2.13.  (*Id.*; *see also* Mem. in Supp. of Habeas Pet. ("Habeas Mem.") at 8, Sept. 29, 2014, Docket No. 62.)  In response to his direct appeal, the Eighth Circuit affirmed the judgment of the Court on November 25, 2014.  *Garcia*, 772 F.3d 1126.

## DISCUSSION

### I.    STANDARD OF REVIEW

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### II.   TIMELINESS OF THE PETITION

In its brief, filed shortly before the Eighth Circuit ruled on Garcia's direct appeal (Government's Resp. to Mot. Pursuant to 28 U.S.C. § 2255 ("Government's Resp.") at 4-5, Nov. 14, 2014, Docket No. 67), the United States contends that a district court should not entertain a Section 2255 petition while a direct appeal is pending, *United States v.*

*Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) ("Because [the petitioner] filed this motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed."). Nevertheless, a district court may still consider a Section 2255 petition if "extraordinary circumstances" are present. *See United States v. Anderson*, No. 10-0017, 2011 WL 2672146, at *1 (D. Minn. July 8, 2011). More importantly, the Eighth Circuit has since affirmed Garcia's sentence and the Court will consequently presume the petition is timely, 28 U.S.C. § 2255(f), and proceed to the merits.

### III. GARCIA'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

"A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Keys v. United States*, 545 F.3d 644, 646 (8th Cir. 2008) (internal quotation marks omitted). "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (internal quotation marks omitted). "To overcome that presumption, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[;] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted).

In this case, Garcia argues that his counsel's representation was deficient due to the attorney's failure to retain a mental health professional to investigate his gambling addiction, and his failure to offer evidence of and ask for a departure due to this addiction. (Habeas Mem. at 8-21.) Garcia claims that these alleged failures changed the outcome of his case because establishing that he was suffering from a gambling addiction might have led him to pursue trial, instead of pleading guilty, or at least would have resulted in a lower sentence pursuant to a departure under U.S.S.G. § 5K2.13 (providing a downward departure for defendants who suffer from a significantly reduced mental capacity ("SRMC")).

To support this argument, Garcia relies heavily on *United States v. Sadolsky*, in which the Sixth Circuit affirmed the district court's decision to grant a downward departure under Section 5K2.13 on the grounds that the defendant's "gambling compulsion" constituted a SRMC that "sufficiently impaired [the defendant's ability] to control [his] behavior." *United States v. Sadolsky*, 234 F.3d 938, 941-45 (6th Cir. 2000).

However, Garcia has not shown that his counsel's performance fell below an objective standard of reasonableness or prejudiced him. First, Garcia has not shown that his attorney's conduct was deficient. Not retaining an expert or requesting a Section 5K2.13 departure does not make his performance unreasonable, especially given that courts have not reached a consensus as to whether a gambling addiction constitutes a SRMC under the guidelines. *Compare Sadolsky*, 234 F.3d at 941-45, *with United States v. Quinn*, 566 F. App'x 659, 671-72 (10th Cir. 2014), *and Giblin v. United States*, No. 09-1286, 2010 WL 3039992, at *18 n.14 (D.N.J. Aug. 3, 2010), *and United States v. Kottke*,

138 F. App'x 864, 865 (8th Cir. 2005). Indeed, even in *Sadolsky*, the Sixth Circuit did not decide with certainty that a gambling addiction requires a downward departure, but only affirmed that the district court's decision to hold as much in that case was not an abuse of discretion. *Sadolsky*, 234 F.3d at 944.

More importantly, even if Garcia could show that his attorney acted unprofessionally, he has not shown that, but for those unprofessional errors, the result in his case would have been different. *Rice*, 449 F.3d at 897. The Court took into account a variety of factors, including Garcia's personal history and characteristics, in deciding to give him a sentence substantially below the applicable guidelines range. (Sentencing Tr. at 17-18, Feb. 25, 2014, Docket No. 59.) Indeed, his sentence is only a year and a half above the mandatory minimum sentence, from which the Court could not depart even if Garcia's counsel had brought a Section 5K2.13 departure motion. (*Id.* at 17); *see also* 21 U.S.C. § 841(b); 18 U.S.C. §§ 3553(e), (f). Consequently, the Court finds that Garcia has not shown ineffective assistance of counsel and will deny his habeas petition.[1]

---

[1] Additionally, because the Court has already reached the merits of Garcia's habeas petition, the Court will also deny Garcia's application to proceed *in forma pauperis* as moot.

Garcia also recently filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and in response to the 2014 amendments to the U.S. Sentencing Guidelines. (Mot. for Reduction of Sentence, June 12, 2015, Docket No. 71.) Section 3582(c)(2) allows a Court to modify its sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant Sentencing Guidelines policy provisions state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). As the United States notes, here the defendant was ultimately sentenced to a term – 138 months – that is less than the bottom of the amended guidelines range of 151-188

(Footnote continued on next page.)

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). For the petitioner to establish such a showing, he must demonstrate at least one of the following: the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in Garcia's motion differently. The Court therefore concludes that Garcia has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Garcia's Section 2255 Motion to Vacate Sentence [Docket No. 61] is **DENIED**.

---

(Footnote continued.)

months. As a result, the Court cannot further reduce Garcia's sentence unless his sentence had been reduced below the previously applicable guidelines range pursuant to a motion for substantial assistance by the United States. U.S.S.G. § 1B1.10(b)(2)(B). But the United States made no such motion in this case. As a result, the Court will deny Garcia's motion for a reduction of sentence.

2. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Garcia's petition.

3. Garcia's motion to proceed *in forma pauperis* [Docket No. 63] is **DENIED as moot**.

4. Garcia's motion for the reduction of his sentence [Docket No. 71] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 14, 2015        ____s/ John R. Tunheim____
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       Chief Judge
       United States District Court